# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40930

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

WILLIAM JACK BIAS,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

**2014 Opinion No. 94**

**Filed: November 6, 2014**

**Stephen W. Kenyon, Clerk**

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

Order denying motion for appointment of substitute counsel, <u>vacated</u>, and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant. Shawn F. Wilkerson argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

---

KIDWELL, Judge Pro Tem

William Jack Bias was convicted of driving while under the influence of alcohol. After he was sentenced, he filed several motions, including a motion for substitute counsel and an Idaho Criminal Rule 35 motion, seeking leniency regarding his sentence. His motions were denied and Bias appealed. He argues that the court erred by denying his motion for substitute counsel and proceeding to decide his other motions. He also argues that the district court failed to adequately consider mitigating factors at sentencing.

## I.

## BACKGROUND

Bias was charged with driving while under the influence of alcohol or drugs in violation of Idaho Code § 18-8004 and with misdemeanor injury to a child in violation of I.C. § 18-1501(3). The State also filed a charging enhancement pursuant to I.C. § 18-8005(6), alleging

that Bias had been previously convicted of three prior DUIs. After the public defender was appointed to represent him, the injury to a child charge was dismissed and Bias pleaded guilty to the DUI charge. After a sentencing hearing, the court imposed a unified term of ten years with five years determinate.

Nearly a month after the sentence had been pronounced, Bias filed a Rule 35 motion, through counsel, seeking leniency on his sentence. Two months later, before the Rule 35 motion was adjudicated, Bias filed a motion to withdraw his guilty plea and a motion for the appointment of substitute counsel. Both motions relied upon the assertion that counsel and Bias had discussed the case after Bias pleaded guilty. At that time, Bias "questioned [his attorney] about an issue [Bias] had brought up previously, and [the attorney's] response was, 'Yeah, we could have argued that, before you plead[ed] Guilty.'" Bias argued that the poor advice was a sufficient basis for the withdrawal of his plea and "caused the Attorney/Client relationship to become irreparably damaged" warranting the appointment of substitute counsel. Bias also requested an order authorizing transportation from the prison so that he could be present at any hearing.

The court held a hearing on the pending motions.[1] At the hearing, the court denied the Rule 35 motion, without prejudice, after reviewing the mitigating and aggravating factors it had considered at sentencing. Next, it held that Bias had failed to prove manifest injustice, the requirement to withdraw a guilty plea after sentencing. Finally, it discussed the motion for substitute counsel. In the court's view, Bias was attempting to have counsel appointed for a potential post-conviction action before filing a petition and without following the procedures set forth by statute. The court asked counsel to inform Bias that these issues would be better raised in post-conviction proceedings and that counsel might be available through those proceedings.

Thereafter, the district court entered a written order denying the pending motions. It ruled that the motion for new counsel was "deemed unnecessary, given the appointment of appellate counsel."[2] It denied the Rule 35 motion because the sentence was "just and appropriate

---

[1] The motion for transport appears to have been implicitly denied as Bias was not present at the hearing.

[2] Bias had already filed a notice of appeal intending to challenge his sentence. The district court appointed the Idaho State Appellate Public Defender to pursue the appeal.

under the circumstances," given the defendant's prior criminal record and other factors discussed at the sentencing. It denied Bias's motion to withdraw his guilty plea on alternative grounds. First, the court held that the motion was not timely.[3] Second, it held that Bias failed to meet his burden, a showing of manifest injustice. Finally, it noted that Bias was permitted to pursue these claims in post-conviction proceedings.

Bias filed a timely appeal and contends that the court erred by denying his motion for the appointment of counsel for two reasons. First, Bias argues that upon the filing of his motion for substitute counsel "a duty is triggered and the district court must afford the defendant the opportunity to explain the basis for the request." Because Bias was not present, either in person or telephonically, he was denied the right to give that explanation. Second, Bias argues that the court should have granted the motion because he had a Sixth Amendment and statutory right to counsel for his motion to withdraw his guilty plea and representation by an attorney with an actual conflict of interest does not satisfy the right to counsel. As a remedy, Bias requests a remand with instructions to allow him to have a proper hearing, with new counsel on both the Rule 35 motion and the motion to withdraw his guilty plea. Bias also argues that the district court erred by denying his Rule 35 motion.

## II.

## ANALYSIS

The parties primarily dispute the nature of Bias's right to the effective assistance of counsel. In our view, those cases are inapposite.[4] Here, counsel had already been appointed. Furthermore, Bias was statutorily entitled to counsel pursuant to I.C. § 19-852 unless his motions

---

[3]   Idaho Criminal Rule 33 authorizes post-judgment motions to withdraw a guilty plea. The motion was filed June 4, 2013, seventy-eight days after the judgment of conviction was filed on March 18, 2013. Because Bias filed a direct appeal, his motion appears to be timely. *State v. Wegner*, 148 Idaho 270, 272, 220 P.3d 1089, 1091 (2009) (holding that absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal *or affirmance of the judgment on appeal*); *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003) (same).

[4]   The right to effective assistance of counsel is critical in post-conviction cases where that right is a predicate to certain collateral attacks. Here, Bias is not bringing a collateral attack on his conviction.

were frivolous.[5] Therefore, even if the State could show that Bias was not entitled to the effective assistance of counsel, he was entitled to the adjudication of his motion for substitute counsel.

## A. The Court's Duty to Inquire

Both the Idaho Court of Appeals and the Idaho Supreme Court have held that a trial court is obligated to apply certain procedures when a person seeks substitute counsel. In *State v. Clayton*, 100 Idaho 896, 898, 606 P.2d 1000, 1002 (1980), the Court held that "after having been made aware by the court of the problems involved" the trial court has an obligation "to afford [the] defendant a full and fair opportunity to present the facts and reasons in support of his motion for substitution of counsel."

In *State v. Peck*, 130 Idaho 711, 713, 946 P.2d 1351, 1353 (Ct. App. 1997), the duty to inquire was triggered by the defendant's complaint that he was dissatisfied with counsel and the indication that he wanted to "fire counsel." The duty was not mitigated by the fact that the defendant was "ill-behaved and disruptive during court proceedings" or because the court suspected that the defendant merely sought substitute counsel as a delay tactic.

The exact scope of the duty to inquire is fact-dependent. Generally, it is not permissible to refuse to allow a defendant "to speak on the subject." *State v. Nath*, 137 Idaho 712, 715, 52 P.3d 857, 860 (2002); *see also State v. Lippert*, 145 Idaho 586, 598, 181 P.3d 512, 524 (Ct. App. 2007) (J. Lansing dissenting) (the dissent distinguishes an inquiry from cutting the defendant off

---

[5] The relevant portions of Idaho Code § 19-852 state:

(1) An indigent person who is . . . being detained under a conviction of, a serious crime, is entitled:
> (a) To be represented by an attorney to the same extent as a person having his own counsel is so entitled; and
> . . . .
(2) An indigent person who is entitled to be represented by an attorney under subsection (1) of this section is entitled:
> . . . .
> (c) To be represented in any other post-conviction or post-commitment proceeding that the attorney or the indigent person considers appropriate, unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding.

and refusing to let him explain his claim to the court). But, a more limited duty to inquire is imposed when a defendant "at best hinted that he was dissatisfied with [his attorney's] performance on only one occasion" and took "no initiative to request substitute counsel." *State v. Grant*, 154 Idaho 281, 285, 297 P.3d 244, 248 (2013). Under those facts, it is sufficient to ask a defendant if he has any questions, and move on if he fails to raise any complaints about counsel. *Id.* at 285-86; 297 P.3d at 248-49. Finally, where the nature of the issues between counsel and client has been set forth, but the record is insufficient to determine whether relief is required, the court has a duty to investigate so that there exists a proper basis for a ruling. *Lippert*, 145 Idaho at 596, 181 P.3d at 522.

The defendant's right to an inquiry flows from several interrelated constitutional guarantees. The first is the right to effective assistance of counsel, provided at state expense for the indigent, guaranteed under the Sixth Amendment. *Peck*, 130 Idaho at 712-13, 946 P.2d at 1352-53; *see also Hernandez v. State*, 127 Idaho 685, 687, 905 P.2d 86, 88 (1995) ("We can see no legitimate basis for determining whether there has been a violation of the right to effective assistance of counsel guaranteed by I.C. § 19-852 differently from determining whether there has been a violation of a similar constitutional right."). But the right to an inquiry is not wholly dependent upon the right to effective assistance. The right to an inquiry also flows from a defendant's constitutional right to refuse counsel and proceed pro se. *Peck*, 130 Idaho at 713-14, 946 P.2d at 1353-54 ("An accused also has the right to waive court-appointed counsel and to conduct his own defense." In that case, remand was required because the defendant "was not given a meaningful opportunity to justify his request for substitute counsel *or to exercise his right to represent himself.*" (emphasis added)); *see also Faretta v. California*, 422 U.S. 806, 819 (1975) (holding that the right to self-represent is implicitly guaranteed by the Sixth Amendment). Finally, some inquiry may be guaranteed by procedural due process. *See Rios-Lopez v. State*, 144 Idaho 340, 342, 160 P.3d 1275 (Ct. App. 2007) (The post-conviction petitioner did not enjoy a constitutionally-protected right to counsel; nonetheless, the court considered whether an inquiry was sufficient under general procedural due process principles. Although the right to an inquiry cases were not binding precedent, they were discussed as persuasive authority.).

In this case, we conclude that the district court erred by ruling on the motion for substitute counsel before gathering the facts required to adjudicate the motion. In *Lippert*, the defendant asserted that counsel had failed to adequately consult with him. We held that this

5

general averment warranted further investigation and that the district court's failure to "make any meaningful determination" warranted a remand. *Lippert*, 145 Idaho at 594, 181 P.3d at 522. Conversely, in *Rios-Lopez*, where the petitioner did not enjoy the right to effective assistance of counsel, this Court affirmed the denial of the motion for substitute counsel, decided in the petitioner's absence only after concluding that the arguments were "clearly set forth" and that "his presence would have added little to the proceedings." *Rios-Lopez*, 144 Idaho at 343, 160 P.3d at 1278. On balance, we conclude this case is analogous to *Lippert*. In this case, Bias made general averments and the court's failure to develop an adequate factual basis to adjudicate the motion limits our review. Accordingly, we must remand to allow the district court to gather the facts required to adjudicate this motion. Moreover, should the court conclude that Bias is not entitled to substitute counsel, the court should also determine whether Bias wishes to proceed pro se.[6]

**B.      *Murphy* Does Not Control the Disposition of This Case**

The State also argues that *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014) has changed the law concerning the link between a statutory right to counsel and the guarantee of effective counsel. It argues that "the Court effectively held that only statutes making the appointment of counsel *mandatory* confer upon indigent litigants the right, normally associated with the Sixth Amendment, to the effective assistance of counsel." (emphasis added).

In *Murphy*, the Court first noted that "the United States Supreme Court has held that there is no Sixth Amendment right to appointed counsel in a collateral attack upon a conviction." *Id.* at 394, 327 P.3d at 370 (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). It then noted two general rules. First, the appointment of counsel in post-conviction actions is discretionary. Second, ineffectiveness of post-conviction counsel is not a "ground for relief." Both holdings are entirely consistent with prior law. *See Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004) (discussing the availability of counsel in post-conviction proceedings); *Lee v. State*, 122 Idaho 196, 198, 832 P.2d 1131, 1133 (1992) (explaining that ineffective assistance of post-conviction counsel is not a basis upon which a person can collaterally attack a conviction or sentence); *Follinus v. State*, 127 Idaho 897, 902-03, 908 P.2d 590, 595-96 (Ct. App. 1995) (discussing the relationship between ineffective assistance of counsel and the right to a

---

[6]      Because we remand for a consideration of Bias's right to substitute counsel, we need not determine whether the court erred by denying Rule 35 relief.

"remedy"); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987) (explaining that proper collateral attacks challenge "allegedly improper convictions and sentences" not the proceedings in prior post-conviction actions).

Although *Murphy* did not change the law regarding the availability of counsel in post-conviction proceedings, it did change the law concerning I.C. § 19-4908. That provision generally bars successive petitions for post-conviction relief, "unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application." I.C. § 19-4908. In *Murphy*, the Court concluded that its prior holding, that ineffective assistance of prior post-conviction counsel could be a "sufficient reason," was inconsistent with its view that the same ineffectiveness was not "ground for relief" and overruled that prior holding.

We do not believe that the State's argument is relevant to these proceedings. First, as stated above, we do not believe that the right to effective assistance of counsel is at issue in this case. Second, the Idaho Supreme Court exhibited special concern regarding the effect of successive petitions on Idaho's criminal justice system:

> Defendants have made a sham out of the system of justice and thwarted imposition of their ultimate penalty with *continuous petitions for relief* that often present claims without a legal foundation.

*Murphy*, 156 Idaho at 395, 327 P.3d at 371 (quoting *Bejarano v. Warden, State Prison*, 929 P.2d 922, 925 (1996)) (emphasis added). Here, there is no possibility of "continuous" petitioning; a defendant raising claims in post-judgment motions gets exactly the same process as any other criminal defendant--proceedings in the trial court, a direct appeal, and a single collateral attack in state courts. Thus, there is little risk that frivolous claims regarding post-judgment motions will make a "sham out of the system" by their continuous filings.

Third, the statutes discussing the availability of counsel are distinguishable. As to a petition for post-conviction relief, the appointment of counsel is plainly discretionary. Idaho Code § 19-4904 states that "a court-appointed attorney *may be made available* to the applicant in the preparation of the application." (emphasis added). Conversely, a person raising post-judgment claims in the original criminal action "*is entitled* . . . [t]o be represented by an attorney to the same extent as a person having his own counsel is so entitled." I.C. § 19-852 (emphasis added). The standard is clarified by I.C. § 19-852(2)(c) which explains that the right does not

extend to frivolous proceedings.  While the court has discretion when adjudicating the standard set forth in I.C. § 19-852(2)(c), the fact remains that the defendant enjoys a *right* to counsel.  *See Hall v. State*, 155 Idaho 610, 616, 315 P.3d 798, 804 (2013) (citing *Hernandez*, 127 Idaho at 687, 905 P.2d at 88 for the proposition holding that I.C. § 19-852 creates a right to counsel); *State v. Severson*, 147 Idaho 694, 703 n.7, 215 P.3d 414, 423 n.7 (2009) (citing I.C. § 19-852 for the proposition that "Idaho law also guarantees a criminal defendant's right to counsel").

## III.

## CONCLUSION

In this case, the court erred by failing to gather the facts required to properly adjudicate the motion for substitute counsel.  Accordingly, our ability to review is limited and we must remand.  Because we remand the motion for substitute counsel, we must also vacate the court's decisions on the other motions to permit the district court to decide those motions after Bias is either appointed new counsel, if required, or offered the opportunity to proceed pro se.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**