**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48034**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 22, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| DAMION TYWON DOSER, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Judgment of conviction for possession of a controlled substance and possession of drug paraphernalia, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Damion Tywon Doser appeals from his judgment of conviction for possession of a controlled substance and possession of drug paraphernalia. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Doser with possession of a controlled substance (I.C. § 37-2732(c)), misdemeanor possession of a controlled substance (I.C. § 37-2732(c)), and possession of drug paraphernalia (I.C. § 37-2734A) after law enforcement discovered drugs and paraphernalia in Doser's backpack. Prior to trial, the district court received a letter from Doser expressing his dissatisfaction with his appointed counsel and requesting substitute counsel. The court clerk forwarded the letter to counsel for both parties the same day the letter was received; no further

1

action was taken. Despite appearing with his allegedly dissatisfactory counsel at two subsequent pretrial hearings and a jury trial, Doser neither mentioned the letter nor otherwise indicated to the district court that he was dissatisfied with his counsel. Ultimately, a jury found Doser guilty of felony possession of a controlled substance and possession of drug paraphernalia.[1] Doser appeals.

## II.

## ANALYSIS

Doser argues that the district court erred by failing to hold a hearing in response to his letter to inquire into his dissatisfaction with counsel or Doser's desire to represent himself. The State responds that Doser failed to preserve this issue and that, even if he did, the absence of a hearing was not error.[2] We hold that Doser has failed to show error.

### A. Error Preservation

As a threshold matter, we address the State's preservation argument. Once aware that a defendant seeks substitute counsel, a trial court must give the defendant a full and fair opportunity to support his or her motion with facts and argument. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). According to the State, Doser's argument that the district court erred by failing to hold a hearing in response to his letter is unpreserved because the record does not show that he filed a "motion" requesting substitute counsel or otherwise notified the district court of such a request. Rather, Doser only sent a letter to the district court that, as set forth below, was neither a formal motion for substitute counsel nor a request for a hearing.

---

[1] Pursuant to the State's motion, the district court dismissed the misdemeanor possession of a controlled substance charge prior to trial.

[2] The State also argues that Doser was not entitled to a hearing to *waive* his right to counsel because Doser did not unequivocally invoke that right. *See State v. Meyers*, 164 Idaho 620, 623, 434 P.3d 224, 227 (2019) (observing an invocation of the right to self-representation must be unequivocal to trigger a trial court's duty to warn of the dangers of self-representation and obtain a sufficient waiver of the right to counsel). However, Doser does not contend that he independently invoked his right to self-representation. Rather, Doser contends that his request for substitute counsel entitles Doser to an opportunity to justify his request or exercise his right to represent himself upon remand. *See State v. Bias*, 157 Idaho 895, 898-99, 341 P.3d 1264, 1267-68 (Ct. App. 2014) (remanding a case to provide the defendant an opportunity to justify a request for substitute counsel or exercise his right to self-representation).

Although framed as a preservation issue, the thrust of the State's argument is that Doser has not shown that he triggered the district court's obligation to afford him an opportunity to justify his substitution request--not that he failed to *preserve* an error in the district court's fulfillment of that obligation. We need not resolve the issue of whether Doser's letter triggered the district court's duty to provide him an opportunity to support a request for substitute counsel if, assuming Doser did, he subsequently abandoned the request. Because the totality of the circumstances shows that Doser abandoned any request for substitute counsel, we will not address the State's preservation arguments further.

**B.    Duty to Inquire**

Indigent defendants have a right to effective court-appointed counsel. *State v. Clayton*, 100 Idaho 896, 897, 606 P.2d 1000, 1001 (1980). This right does not entitle defendants to appointed counsel of choice, but trial courts may appoint substitute counsel for good cause. *Id.* Trial courts must follow certain procedures when defendants seek substitute appointed counsel. *State v. Bias*, 157 Idaho 895, 897, 341 P.3d 1264, 1266 (Ct. App. 2014). As previously stated, trial courts must afford defendants a "full and fair opportunity" to support a motion for substitute counsel upon being made aware of the request. *Herrera*, 164 Idaho at 270, 429 P.3d at 158. The scope of a trial court's duty to inquire into a substitution request depends on the nature of the alleged issues with counsel. *See Bias*, 157 Idaho at 898, 342 P.3d at 1267. Trial courts generally cannot prohibit defendants from discussing the facts and reasons supporting a substitution request, and a limited inquiry may be appropriate even if a defendant only hints at dissatisfaction with counsel on a single occasion and does not request substitution. *Id.* When defendants set forth the nature of the issues with appointed counsel, trial courts must ensure that there is a sufficient basis for a decision. *Id.*

Doser argues that his letter was a request for substitute counsel, necessitating inquiry by the district court into the basis for the request. Doser's letter asserted that it was "essential" for him to be "reassigned a new public defender or reinstated [his] original public defender."[3] To support this claim, Doser's letter asserted that, after filing a complaint with the chief public

---

[3]    Prior to being bound over for trial, Doser was represented by a different public defender than the one Doser indicated he was dissatisfied with in his letter to the district court.

3

defender to no effect, Doser "discussed his options" with his counsel and was told Doser could represent himself or hire an attorney. When Doser replied that "he would be representing himself," his counsel advised that the district court would first have to remove counsel from the case. Additionally, Doser's letter recounts an apparently separate incident in which his counsel "terminated" a telephone call after Doser directed counsel to file a motion to suppress because "the lady in the law library" had told Doser that he could not file motions while represented. Finally, Doser closed his letter by stating that he had "tried to work with" his counsel but "did not know what to do at this point."

Although Doser's letter expresses a desire for substitute counsel, the letter is not styled as a formal motion, and it bears no indication that Doser provided copies to his attorney or the prosecutor. Thus, the letter constitutes an attempt at ex parte communication with the district court--not a motion. *See State v. Meyers*, 164 Idaho 620, 623, 434 P.3d 224, 227 (2019). Generally, parties seeking an order in a criminal case must do so by motion. I.C.R. 47(a). The requirements of I.C.R. 47 give way, however, to a defendant's right to self-representation. *See Meyers*, 164 Idaho at 623, 434 P.3d at 227. Idaho cases addressing a trial court's obligation to inquire into requests for substitute counsel, however, have involved either formal motions or oral statements made in open court. *See*, *e.g.*, *State v. Nath*, 137 Idaho 712, 714, 52 P.3d 857, 859 (2002) (pro se written motion for substitution); *State v. Lippert*, 145 Idaho 586, 592, 181 P.3d 512, 518 (Ct. App. 2007) (oral statements by the defendant expressing dissatisfaction with appointed counsel made in open court). Although neither party has cited an Idaho case in which a defendant sought *substitution* of counsel through an ex parte communication, defendants may invoke their right to self-representation through an ex parte communication with the trial court, like a letter. *See Meyers*, 164 Idaho at 623, 434 P.3d at 227. Accordingly, we will assume without deciding that Doser's letter was a valid request for substitute counsel.

According to a clerk's notation on Doser's letter, the district court forwarded copies of the letter to Doser's counsel and the prosecutor the day it was received. The record does not indicate, however, that the district court took any further action on Doser's letter. Doser contends that this inaction compels remand because the district court did not inquire into the allegations set forth in his letter, he was not afforded an opportunity to justify his substitution request, and he did not abandon his substitution request. Doser's arguments are unavailing.

4

Although Doser has not cited an Idaho case addressing whether a defendant can abandon a request for substitute counsel, the Idaho Supreme Court has held that defendants can abandon a prior invocation of the right to self-representation through subsequent conduct. *See id.* at 624, 434 P.3d at 228. Invocation of the right to self-representation is, in essence, a request to *substitute* counsel with oneself. If defendants can abandon such a request, they may also abandon a request to substitute one counsel for another. Accordingly, we hold that the abandonment analysis adopted in *Meyers* applies to requests for substitute counsel.

To determine whether a defendant abandoned a request for self-representation, we consider the totality of the circumstances. *Id.* This test factors in both the opportunities the defendant had to remind the district court of a pending motion along with any other relevant factors. *Id.* Doser acknowledges the totality of the circumstances test adopted in *Meyers*, but contends the totality of the circumstances does not show that he abandoned his request for substitute counsel and that *Meyers* is distinguishable. We disagree and hold that the distinctions between this case and *Meyers* do not compel a different result.

As stated above, *Meyers* established the test to determine whether a defendant has abandoned a prior request for self-representation. *Id.* After one abortive attempt to obtain substitute counsel and voicing Myers' frustration in open court regarding delays due to competency proceedings, he sent a letter to the trial court advising it of his decision to fire his appointed counsel and represent himself. However, the letter neither sought a hearing nor bore an indication that copies were sent to either Myers' counsel or the prosecutor. No further action was taken regarding Meyers' letter, and he did not mention it again. After a bench trial in which a different public defender represented Meyers, the court found him guilty of grand theft.

On appeal, Meyers argued that the district court ignored his request for self-representation in violation of the Sixth Amendment. *Id.* at 623, 434 P.3d at 227. The Idaho Supreme Court held that no Sixth Amendment violation occurred because the totality of the circumstances showed Meyers abandoned the request. *Id.* at 625, 434 P.3d at 229. In reaching this conclusion, the Court observed that, despite being a vocal participant in prior proceedings, Meyers had not mentioned or renewed his request to represent himself when the trial court asked, prior to trial, whether there were any matters to address. The Court further supported its conclusion by observing that the record did not indicate that the court or counsel was aware of Meyers' letter; he appeared with new

5

counsel at trial; Myers waited until after being found guilty to renew his request for self-representation; and his criminal history indicated "some familiarity with the criminal justice system." *Id.* at 624-25, 434 P.3d at 228-29.

Doser argues that *Meyers* is distinguishable because the record shows his letter was forwarded to counsel, but does not suggest that Doser's complaints about counsel were resolved through an appearance with new counsel or that Doser's silence regarding his letter was inconsistent with his prior in-court conduct. As further evidence he had not abandoned his substitution request, Doser also points to assertions in his letter that a prior complaint to the chief public defender had gone unanswered and that a law librarian had informed Doser that he could not file his own motions while represented. According to Doser, these circumstances do not show abandonment, but instead show that he believed the district court had "summarily and implicitly" denied his request for substitute counsel.

Doser's arguments are unpersuasive for several reasons. First, the court clerk forwarded the letter to Doser's counsel. Doser's counsel did not mention the issue of substitution during two subsequent pretrial hearings and Doser's trial. The most reasonable inference arising from this silence is that Doser's counsel discussed the letter with Doser and resolved his complaints, making further consideration of the letter unnecessary.

Second, even if Doser's counsel was somehow unaware of the letter, Doser did not mention his letter or the issue of substitution during the two pretrial hearings or trial, despite the district court inquiring whether any other matters needed to be addressed at the conclusion of the second pretrial hearing. Although Doser did not have a history of vocal participation in the proceedings, his letter recounts his independent exploration of avenues to obtain substitute counsel--beginning with a letter to the chief public defender and concluding with Doser's letter to the district court. That Doser did not raise the issue of substitution, or prompt his counsel to do so, when the district court inquired about pending issues prior to trial indicates that Doser no longer desired to substitute counsel.

Third, prior to testifying during trial, Doser informed the district court that he had spoken with his counsel about waiving Doser's right to remain silent, indicating that he was still communicating with his counsel. Also, Doser's letter to the district court recounts how his counsel advised Doser that if he did not take a plea agreement that the State intended to file additional

6

charges in another case. This suggests that, even around the time Doser's dissatisfaction with counsel was near its height, Doser's counsel was still communicating with Doser and giving him candid advice.

Fourth, Doser has a lengthy criminal history encompassing both felony and misdemeanor convictions. Although this does not demonstrate Doser's experience with seeking substitute counsel, it does show that Doser has some experience with the judicial system and the manner in which trial courts adjudicate motions and other requests for relief. This weighs against Doser's argument that he believed the district court "summarily and implicitly" denied his request for substitute counsel.

Finally, despite prior opportunities to remind the district court of his letter, Doser waited until this appeal to complain about the lack of response to his letter. This indicates that he is dissatisfied with the *result* of the proceedings--not his appointed counsel.

Considering the totality of the circumstances, we hold that, even assuming Doser's letter obligated the district court to provide him an opportunity to justify a request for substitute counsel, Doser abandoned that request through his subsequent conduct. Because Doser abandoned his substitution request, he has failed to show that the district court erred by not holding a hearing to inquire into the basis of his request. This conclusion renders consideration of the State's other arguments in support of affirmance unnecessary.

### III.
### CONCLUSION

The totality of the circumstances indicate that Doser abandoned his request for substitute counsel. Consequently, Doser has failed to show that the district court erred by failing to hold a hearing in response to that request. Accordingly, Doser's judgment of conviction for possession of a controlled substance and possession of drug paraphernalia is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.