**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41995**

| | | |
|---|---|---|
| **JUAN MANUEL ARELLANO,** | ) | **2015 Opinion No. 30** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: May 27, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, <u>affirmed in part</u>, <u>vacated in part</u>, and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Juan Manuel Arellano appeals from the judgment of the district court summarily dismissing his petition for post-conviction relief. For the reasons that follow, we affirm in part, vacate in part, and remand.

**I.**

**FACTS AND PROCEDURE**

Underlying this post-conviction relief action, Arellano entered a guilty plea to the first degree murder of his wife, except that he entered an *Alford*[1] plea to the element of malice aforethought, Idaho Code § 18-4001, and to the element of premeditation, I.C. § 18-4003(a).

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

1

This Court affirmed his judgment of conviction and sentence in *State v. Arellano*, Docket No. 38880 (Ct. App. May 7, 2012) (per curiam) (unpublished).

Arellano then filed a pro se petition for post-conviction relief with sixty-four assertions. He also moved the district court to appoint counsel, and counsel was appointed for him. Subsequently, the State moved the court to summarily dismiss the petition, and Arellano filed an objection to the motion for summary dismissal. The district court then issued an order summarily dismissing the petition. In that order, the court consolidated the sixty-four assertions into fourteen claims of ineffective assistance of defense counsel and one claim of an insufficient factual basis to support the *Alford* plea. In particular, the district court consolidated some of the assertions into what the court characterized as a claim that defense counsel provided ineffective assistance because counsel "told Mr. Arellano that evidence of the victim's intentions and his mental state was not relevant." Arellano appeals, challenging the summary dismissal of this ineffective assistance of defense counsel claim.

## II.

## ANALYSIS

On appeal, Arellano argues that the district court erred by summarily dismissing what the court characterized as a claim that defense counsel provided ineffective assistance because counsel "told Mr. Arellano that evidence of the victim's intentions and his mental state was not relevant." The district court dismissed this claim after finding that the claim was bare and conclusory, that Arellano did not provide admissible evidence of deficient performance, and that Arellano did not provide admissible evidence of prejudice.

Idaho Code section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of a petition pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. A claim for post-conviction relief will be subject to summary dismissal if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims upon which the petitioner bears the burden of proof. *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the petitioner's evidence has raised no genuine issue of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Goodwin v. State*,

138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002). Summary dismissal of a petition for post-conviction relief may be appropriate, however, even where the State does not controvert the petitioner's evidence because the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

Because this appeal involves an ineffective assistance of counsel claim, we note that a claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In his pro se petition, Arellano made several assertions concerning his mental state in killing his wife:

> 29. Petitioner asserts that he lacked the ability to act deliberately and with violence against his wife, and the killing of his wife occurred by accident because of the blind rage upon seeing her come back into the bar after her lover had escorted her out.
> 30. A jury would have been allowed to infer that the requisite mental state was lacking on all the assault charges as he was under the influence of two drugs and the culmination of emotions that his wife intentionally provoked.
> . . . .

3

51. No one knows wh[at] petitioner's intent was when he pulled out a gun and walked out onto the dance floor. All petitioner knows is that his emotions overwhelmed him, and wanted to rant and rave.

52. Petitioner asserts her death was an accident and misfortune in the heat of his passion as he was attempting to scare her. He never intended to kill her, but the rage within was so overwhelming that he was out of control and even more by the acts of others.

. . . .

54. Petitioner alleges he committed homicide and attempted assaults with a weapon in the heat of passion upon the appearance of his wife as she intentionally came back into the bar.

Arellano also asserted that defense counsel provided deficient performance and prejudiced him:

53. Under the professional norms counsel's assistance amounted to incompetence. Counsel failed entirely in his representation.

. . . .

55. Counsel's representation was so seriously defective he was not functioning as the counsel guaranteed by the Sixth Amendment.

56. Petitioner asserts that there exist[s] a reasonable probability that but for counsel's representation, he would not have pleaded guilty and would have insisted on going to trial.

57. Counsel's failures prejudice[d] petitioner and if he would have fulfilled his obligations he would never have been convicted of any of the charges filed by information.

58. Petitioner advised his attorney [of] his version of the facts surrounding the death of his wife. Yet counsel insisted that some of these facts were irrelevant, and that if he went to trial he would be found guilty. As a result of counsel refusing to participate in petitioner's defense he entered a guilty plea.

This Court interprets assertion 58, based on the other relevant assertions listed in the petition, to aver that Arellano informed defense counsel about his mental state when he killed his wife and that defense counsel informed him that facts concerning his mental state were irrelevant. This interpretation is bolstered by Arellano's objection to the motion for summary dismissal, in which counsel explained that Arellano "avers that his [defense] counsel advised him that his mental state at the time of the alleged incident was not relevant to the case." This interpretation is also consistent with the district court's characterization of the claim, in which it explained that "Arellano contends that [defense counsel] told him that evidence of the victim's intentions and his mental state . . . was not relevant."

However, unlike the district court, we are persuaded that the claim is not bare and conclusory, and we are also persuaded that there is admissible evidence supporting the claim.

4

Arellano's pro se claim is not artfully pled, yet the assertions listed above do add up to a claim asserting that defense counsel provided deficient performance by advising him that facts concerning Arellano's mental state when he killed his wife were irrelevant. Taking the other factual assertions offered by Arellano as true about the circumstances leading up to his wife's death, Arellano's mental state was relevant, as Arellano explained that he was in "a blind rage" after seeing his wife return to the bar and that his rage was "overwhelming." Indeed, evidence challenging the premeditation element of first degree murder might lead a jury to convict of the lesser charge of second degree murder, I.C. § 18-4003(a) and (g), and the unlawful killing of a human being in the heat of passion is voluntary manslaughter, not murder, I.C. § 18-4006. Therefore, Arellano's assertions support a prima facie case of deficient performance by defense counsel when, as Arellano alleges, counsel insisted that facts concerning Arellano's mental state when Arellano killed his wife were irrelevant.

Arellano's assertions also set forth a prima facie case of prejudice. Beyond claiming that he would not have pled guilty and insisted on going to trial, Arellano asserted that he pled guilty "[a]s a result of counsel refusing to participate in [his] defense." These assertions compliment the fact that Arellano entered an *Alford* plea by which he refused to admit to the elements of malice aforethought and premeditation--elements that separate voluntary manslaughter from murder and separate second degree murder from first degree murder respectively. Taken together, Arellano has presented prima facie evidence of a reasonable probability that he would not have pled guilty and would have insisted on going to trial, but for defense counsel's alleged deficient performance.

Although the district court also stated that Arellano did not "provide[] admissible evidence," this is not so. Arellano's assertions concerning his mental state, what he told defense counsel, and what counsel told him were within his personal knowledge; these assertions were set forth in a verified petition, in which Arellano swore that "all statements" in his petition were "true and correct to the best of his or her knowledge and belief." *See* I.C. § 19-4902(a) (requiring "[f]acts within the personal knowledge of the [petitioner] . . . be sworn to affirmatively as true and correct."); I.C. § 19-4903 (similarly requiring facts within the petition based upon personal knowledge to be verified, as provided in I.C. § 19-4902). The district court, in considering whether to grant the State's motion for summary dismissal, must consider "the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact,

together with any affidavits submitted." I.C. § 19-4906(c). Therefore, for purposes of summary dismissal, a petitioner's assertions in a petition based upon personal knowledge and properly verified are admissible evidence and must be accounted for in deciding whether to grant summary dismissal. Here, Arellano's assertions were admissible evidence.

In summary, Arellano's claim, as characterized by the district court, was not bare and conclusory, and the claim did allege a prima facie case of deficient performance and prejudice. The claim was backed by assertions that were admissible evidence for the district court to consider in deciding whether to grant the State's motion for summary dismissal. Hence, the State was not entitled to judgment as a matter of law on this claim.[2] Accordingly, we vacate that portion of the judgment summarily dismissing this claim. As to all other claims alleged in Arellano's petition for post-conviction relief, the judgment is affirmed. The case is remanded for further proceedings consistent with this opinion.

Judge LANSING and Judge GRATTON **CONCUR**.

---

[2] We do not express an opinion on whether Arellano's claim will prevail in the district court following an evidentiary hearing. Rather, our scope of review is limited to ascertaining whether the district court properly summarily dismissed the claim.