**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45179**

| | | |
|---|---|---|
| JUAN MANUEL ARELLANO, | ) | |
| | ) | **Filed: October 19, 2018** |
| Petitioner-Appellant, | ) | |
| | ) | **Karel A. Lehrman, Clerk** |
| v. | ) | |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order denying petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Juan Manuel Arellano appeals from the district court's order denying his petition for post-conviction relief. Arellano argues the district court erred in ruling he did not establish ineffective assistance of counsel because counsel did not advise Arellano of the elements of second degree murder. For the reasons provided below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Arellano was charged with the first degree murder of his wife, an enhanced penalty for use of a deadly weapon, aggravated assault, and attempted murder. The charges arose out of an incident in southern Idaho in which Arellano shot and killed his wife, the deadly bullet then struck another person, and Arellano allegedly threatened to kill and attempted to shoot a person at the bar who tried to intervene. In part, the evidence relied upon by the State for the first

1

degree murder charge was the early admission by Arellano to police that he had intended to kill his wife when he went to the bar that evening. The State also relied on a text message sent a few hours earlier by Arellano to a friend which read, "Voi amatar esa piruja."[1] Arellano pled guilty to first degree murder and the enhanced penalty for use of a deadly weapon, entering an *Alford*[2] plea regarding the elements of malice aforethought, Idaho Code § 18-4001, and premeditation, I.C. § 18-4003(a). Arellano was sentenced to a unified life term of confinement, with twenty-two years determinate. Arellano appealed, arguing the district court abused its discretion by imposing an excessive sentence. This Court affirmed the judgment of conviction and sentence. *State v. Arellano*, Docket No. 38880 (May 7, 2012) (unpublished).

Arellano then filed a pro se petition for post-conviction relief, which the district court summarily dismissed. *Arellano v. State*, 158 Idaho 708, 709, 351 P.3d 636, 637 (Ct. App. 2015). Arellano appealed, and this Court reversed the district court's summary dismissal on the claim of ineffective assistance of counsel that defense counsel informed Arellano that his mental state at the time of his wife's death was irrelevant. *Id.* at 711, 351 P.3d at 639.

On remand, both Arellano and his defense counsel testified at the evidentiary hearing. The State and Arellano then filed post-evidentiary hearing briefs. In Arellano's post-evidentiary hearing brief, he did not argue that counsel was ineffective for informing Arellano that his mental state was irrelevant. Rather, Arellano argued counsel was ineffective for failing to advise him of the elements of second degree murder and the application of the facts to those elements. The State objected to Arellano's post-hearing attempt to amend or refine the claim tried on remand, noting Arellano's failure to amend his petition and asserting prejudice based on lack of notice.

Within a footnote in its findings of fact and conclusions of law, the district court found that Arellano did not make any argument or identify any evidence produced at trial to support the claim that Arellano's counsel was ineffective for informing Arellano that facts concerning his mental state were irrelevant. The district court concluded the issue was waived. The district court then addressed Arellano's post-evidentiary hearing argument, ruling as to the deficiency

---

[1] A certified court interpreter translated this message from Spanish to read, "I'm going to kill that whore."

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

prong of *Strickland*[3] that Arellano failed to establish that his counsel owed him a duty to advise him of the elements of the uncharged offense of second degree murder. As to the prejudice prong of *Strickland*, the district court ruled that because Arellano did not provide any evidence regarding the reasons he pled guilty to first degree murder, he failed to establish that, had counsel advised Arellano of the elements of second degree murder, he would not have pled guilty and would instead have insisted on going to trial. Having concluded that Arellano failed to establish both deficient performance and prejudice, the district court denied Arellano's petition for post-conviction relief. Arellano timely appeals.

## II.

## STANDARD OF REVIEW

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010).

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

On appeal, Arellano does not address the district court's ruling that he waived his initial claim of ineffective assistance of counsel. Instead, he argues that the claim raised in his post-evidentiary hearing brief is not a new claim, but rather a refinement of his initial claim. Alternatively, Arellano argues that pursuant to I.R.C.P. 54(c), the trial court was authorized to address the new claim, even if not pled, relying on *Cady v. Pitts*, 102 Idaho 86, 90, 625 P.2d 1089, 1093 (1981) and *Child v. Blaser*, 111 Idaho 702, 704, 727 P.2d 893, 895 (Ct. App. 1986). Arellano also argues that because the district court did not address the procedural issue, but rather addressed the merits of Arellano's claim, this Court should follow suit.

In response, the State argues Arellano waived the only claim that was before the district court on remand and that the new claim was not properly before the district court or this Court. Alternatively, the State argues the district court correctly ruled that Arellano failed to prove both deficient performance and prejudice as to the claim on the failure to advise Arellano on the elements of second degree murder.

We necessarily begin by addressing whether the claim argued in Arellano's post-evidentiary hearing was a new claim or whether it fell within the scope of the original claim.

Arellano simply provides a conclusory statement that his claim is a refinement of his original claim and not a new claim. While first and second degree murder require different mental states, a claim that counsel advised Arellano that his mental state was irrelevant is not the same as a claim that counsel failed to advise Arellano regarding the elements of second degree murder. Stated differently, the differences between degrees of murder, the application of the

4

particular facts of the case, and an attorney's responsibility to discuss the same with a defendant is a pointed claim which differs from the former claim in that it addresses a particular responsibility of counsel, which was not at issue in the first claim. Therefore, we conclude that the claim argued in Arellano's post-evidentiary hearing brief is a different claim from the claim originally raised in the initial petition for post-conviction relief, and which was the sole claim remanded by this Court in the original appeal.

Because we conclude that the claim raised in Arellano's post-evidentiary hearing brief and now on appeal is a new claim, we must determine whether the district court was procedurally permitted to consider the new claim. While Arellano cites to case authority and I.R.C.P. 54(c), Arellano did not present below or on appeal the prerequisite argument that the parties explicitly or impliedly tried the new claim. *See* I.R.C.P. 15(b); *see also M.K. Transport, Inc. v. Grover*, 101 Idaho 345, 349, 612 P.2d 1192, 1196 (1980) (holding that although I.R.C.P. 15(b) permits a court to base its decision on a theory fully tried by the parties, an issue not tried by express or implied consent cannot be the basis for the decision).

A review of the record indicates that the State understood the issue to be very limited at the evidentiary hearing, specifically regarding whether counsel advised that Arellano's mental state was not of any relevance to his case. The State so argued in its post-evidentiary hearing brief, and expressly objected to Arellano's post-hearing attempt to amend his claim. Further, because there is nothing in the record to indicate that the issue was explicitly or impliedly litigated by the parties, it was error for the trial court to base its decision on the unpled claim. *M.K. Transport, Inc.*, 101 Idaho at 349, 612 P.2d at 1196.

More instructive, I.C. § 19-4908 requires that all grounds for relief available to an applicant for post-conviction relief must be raised in his original, supplemental, or amended petition. A claim not originally asserted may be later raised if an initial post-conviction action was timely filed, and a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). "[W]hen the defendant fails to raise an issue in the petition or in an amended petition, that issue is not raised before the district court and this Court will not consider the issue on appeal." *Dunlap v. State*, 159 Idaho 280, 293-94, 360 P.3d 289, 302-03 (2015).

5

Here, the record reflects that Arellano did not raise the issue that counsel was ineffective for failing to advise him of the elements of second degree murder in his initial petition for post-conviction relief, in his objection to the State's motion for summary judgment, in his brief in his first appeal, in a motion to clarify or expand this Court's holding following remand of his first appeal, in a Rule 15(b) motion, or in a motion to file a subsequent petition for post-conviction relief pursuant to I.C. § 19-4908. Rather, he raised the issue for the first time in his post-evidentiary hearing briefing. Thus, the issue was not properly raised before the district court, and therefore we decline to consider the issue on appeal.

## IV.

## CONCLUSION

Arellano failed to present any argument or evidence regarding the issue remanded to the district court; therefore, he has waived that issue. Additionally, because the issue argued by Arellano on remand was argued for the first time without a sufficient showing as to why the issue was not originally pled, and the parties did not expressly or impliedly consent to argue the issue pursuant to I.R.C.P. 15(b), the issue was not properly before the district court. Because Arellano failed to properly assert the claim below, he has waived it. Accordingly, the district court's denial of Arellano's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.