IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48257

| | |
|---|---|
| BRIAN GREGORY FIORI, | ) |
| | ) Filed: May 26, 2022 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Judgment summarily dismissing petition for post-conviction relief, affirmed.

Fyffe Law, LLC; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Brian Gregory Fiori appeals from the summary dismissal of his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the underlying criminal case, the State charged Fiori with driving under the influence after law enforcement found him at the scene of a vehicle partially driven off an embankment on a private driveway. Fiori was arrested for driving under the influence, and the case proceeded to trial. At trial, the State presented the testimony of an eyewitness who arrived at the scene after the vehicle had been driven off the road. The eyewitness testified that Fiori was the vehicle's sole occupant and was sitting in the driver's seat; the eyewitness helped Fiori exit the vehicle, shut the vehicle off, and removed the keys; when the eyewitness pulled Fiori out of the vehicle, he "fell right on his face"; and when talking to Fiori, the eyewitness noticed an "extreme smell of

1

alcohol." Fiori, however, denied he was driving the vehicle and claimed the driver was his friend, Jake.

The jury convicted Fiori of driving under the influence (third or subsequent offense), Idaho Code § 18-8004. Thereafter, Fiori filed a pro se verified petition for post-conviction relief, alleging nineteen grounds for relief, including claims for ineffective assistance of counsel, prosecutorial misconduct, juror misconduct, judicial error, and constitutional violations. *See Fiori v. State*, Docket No. 46173 (Ct. App. Nov. 20, 2019) (unpublished). In support, Fiori filed an affidavit accompanied by approximately 300 pages of documents and a supplemental affidavit with additional documents (collectively "2018 affidavit"). Among other things, Fiori also filed a motion for appointment of counsel. *Id.*

The district court denied Fiori's motion for appointment of counsel, found Fiori's petition frivolous, and summarily dismissed the petition. *Id.* On appeal, this Court reversed the district court's denial of Fiori's motion for the appointment of counsel, concluding that the court applied incorrect standards to determine whether Fiori had alleged sufficient facts to merit the appointment of counsel. As a result, this Court vacated the judgment summarily dismissing Fiori's petition and remanded the case. *Id.*

On remand, the district court appointed counsel for Fiori. Appointed counsel, however, did not amend Fiori's petition, and the State again moved for summary dismissal. In response, Fiori filed a declaration and a brief, attaching numerous exhibits. The State objected to Fiori's declaration as untimely and inadmissible. At a hearing on the summary dismissal motion, the State again objected to Fiori's declaration as containing inadmissible hearsay and to "various pro se filings that don't comport with Idaho Code § 19-4903."

Following the hearing, the district court issued a memorandum decision. It ruled that Fiori's "unverified documents" were "inadmissible in that they have not been shown to be authentic." In making this ruling, the court referenced the exhibits attached to Fiori's declaration, the exhibits attached to his brief opposing the State's summary dismissal motion, and the documents accompanying his 2018 affidavit.[1] The court also ruled that it was not

---

[1]     When ruling that the unverified documents are inadmissible, the district court referenced Fiori's "over 300-page, unpaginated affidavit." Regarding the affidavit, the court states "[the] affidavit does not appear to contain any affirmation of the authenticity of the documents contained within it." Fiori disputes the court's characterization of the affidavit as "over 300-page[s]," stating his "handwritten affidavit . . . is actually three pages, not over 300." We

2

required to search Fiori's lengthy affidavit "for the specific information [he] references." Addressing Fiori's claims, the court ruled that he had abandoned some claims, analyzed his claims for ineffective assistance of counsel, and concluded Fiori had failed to establish a genuine issue of material fact in relation to any of those claims.

Fiori timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but

---

construe the court's ruling to be that the approximately 300 pages of documents attached to the three-page, handwritten affidavit are not authenticated and, therefore, inadmissible.

3

the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

4

## III.

## ANALYSIS

**A.    Inadmissibility of Unauthenticated Documents**

Fiori challenges the district court's ruling that certain documents he submitted in support of his petition were unauthenticated and, thus, inadmissible.[2]  To justify an evidentiary hearing, a petitioner must provide factual evidence that would be admissible at the hearing.  *Baldwin v. State*, 145 Idaho 148, 155, 177 P.3d 362, 369 (2008).  The petitioner must support the petition with written statements from witnesses, who are able to testify about facts within their knowledge or otherwise based on verifiable information.  *Id.*  A petitioner's factual allegations based on personal knowledge are admissible when presented through a verified petition or a notarized affidavit.  *Bias v. State*, 159 Idaho 696, 704, 365 P.3d 1050, 1058 (Ct. App. 2015); *see also Arellano v. State*, 158 Idaho 708, 712, 351 P.3d 636, 640 (Ct. App. 2015) ("[F]or purposes of summary dismissal, a petitioner's assertions in a petition based upon personal knowledge and properly verified are admissible evidence and must be accounted for in deciding whether to grant summary dismissal.").  Idaho Rule of Evidence 901(a) provides that "to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."

On appeal, Fiori argues that "the district court's dissatisfaction with the organization and pagination of [his] affidavit or exhibits is not a proper basis to discount it in summary disposition proceedings"; I.C. § 19-4906 requires the court "to take account of substance regardless of form"; and "the documents were simply corroborative of the specific allegations in the affidavit and declaration."  Contrary to Fiori's argument, however, I.C. § 19-4906 does not stand for the proposition that the court must overlook the inadmissibility of evidence in resolving a summary dismissal motion.  Such an interpretation of that provision would be inconsistent with the well-established rule that admissible evidence must support a petition's allegations or it will be subject to dismissal.  *See Wolf*, 152 Idaho at 67, 266 P.3d at 1172 ("[T]he [petition] must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.").

---

[2]    On appeal, Fiori does not challenge the district court's ruling that it was not required to search the record for evidence creating an issue of material fact.  As a result, he has waived this issue.  *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (noting a party waives an issue on appeal if either authority or argument is lacking).

Fiori also argues "the district court abused its discretion by apparently discounting the substance of [his 2018] affidavit and declaration based on its ruling [that] some of the attachments were not properly authenticated." The court, however, did not strike Fiori's 2018 affidavit or his declaration or otherwise indicate it was "discounting" them. Rather, the court's ruling was that the documents attached to Fiori's 2018 affidavit, opposition brief, and declaration were unauthenticated and, thus, inadmissible. Fiori fails to address this ruling by showing that the documents are authenticated and admissible. Accordingly, we conclude the district court did not err by ruling the documents accompanying Fiori's affidavit, opposition brief, and declaration are inadmissible.

## B.    Failure to Establish Ineffective Assistance of Counsel Claims

Fiori asserts the district court erred by summarily dismissing his claims of ineffective assistance of counsel. These claims include that Fiori's counsel failed to investigate and impeach the State's eyewitness, to challenge two purportedly biased jurors, to move to withdraw as Fiori's counsel, to challenge the public's lack of access to the private driveway, and to advise Fiori regarding his right to testify. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

6

### 1. Failure to investigate and challenge the State's eyewitness

Fiori contends his trial counsel was ineffective for failing to investigate and challenge the State's eyewitness. In support, Fiori argues his counsel failed to investigate Fiori's version of the facts. These alleged facts included that the eyewitness could not have removed the key without depressing the vehicle's brake pedal; the eyewitness had a "patent dislike" of Fiori; Fiori's friend, Jake, was actually the vehicle's driver; and although the eyewitness testified Fiori fell when exiting the vehicle, it was raining and he was not muddy. Fiori asserts these facts "establish serious questions" about the eyewitness's credibility and create "a genuine issue of material fact regarding the probability of a different outcome if [the eyewitness's] testimony had been properly challenged."

Fiori's argument is unpersuasive. Contrary to Fiori's claim, the record in the underlying criminal proceeding establishes his counsel was aware of Fiori's version of the facts and raised those facts during trial. For example, Fiori's counsel questioned the eyewitness at trial about removing the key from the ignition without depressing the brake pedal, and the eyewitness responded he shut the vehicle off before removing the key and did not have any issues removing the key without depressing the brake pedal.[3] Fiori's counsel also raised the issue of the eyewitness's "dislike" for Fiori by questioning the eyewitness about the eyewitness's refusal to rent property to Fiori, who had previously failed to pay his rent, and by arguing during closing argument that the eyewitness "clearly does not like Mr. Fiori. He made that pretty clear." Additionally during closing argument Fiori's counsel emphasized the inconsistencies in the eyewitness's testimony, including that the eyewitness claimed Fiori fell down in the mud but that that the video and the pictures from the scene show he was not muddy.

Fiori's counsel also presented evidence during trial that Fiori's friend, Jake, was the vehicle's driver. For example, Fiori's counsel questioned the police officer who arrived at the scene about Jake. Additionally, Fiori's counsel during both opening and closing argument emphasized that someone else could have been driving the car. As a result, this case is distinguishable from *Stanfield v. State*, 165 Idaho 889, 895, 454 P.3d 531, 537 (2019), on which Fiori relies. In that case, the Supreme Court held Stanfield established a genuine issue of material fact of ineffective assistance of counsel because Stanfield's counsel failed to present any

---

[3]    Indeed, Fiori admitted in his brief in opposition to the State's summary dismissal motion that "if the vehicle is not running and the vehicle is in park the key can be removed."

evidence of an alternative explanation for the victim's abuse. *Id.* In contrast, Fiori's counsel did present evidence that someone other than Fiori could have driven the vehicle.

The record in the underlying criminal proceeding clearly disproves Fiori's claim that his counsel failed to investigate Fiori's version of the facts and to challenge the eyewitness's credibility. As a result, the district court properly dismissed Fiori's claim that his counsel was ineffective for failing to investigate the facts and failing to challenge the eyewitness's credibility. *See Kelly*, 149 Idaho at 521, 236 P.3d at 1281 (noting claims may be summarily dismissed if petitioner's allegations are clearly disproven by record of underlying criminal proceeding). That Fiori's trial counsel could have presented more evidence does not mean Fiori's counsel was ineffective. *See also Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992) ("The constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better."). Rather, Fiori's arguments merely challenge his counsel's tactical and strategic presentation choices and are inadequate to establish a genuine issue of material fact necessary to preclude summary dismissal. *See State v. Payne*, 146 Idaho 548, 578, 199 P.3d 123, 153 (2008) (noting challenges to counsel's tactical and strategic choices inadequate to establish claim).

### 2. Failure to move to exclude or preemptively strike biased jurors

Fiori contends his trial counsel was ineffective for failing "to exclude or preemptively strike biased jurors." Fiori's allegations relate to two jurors who Fiori claims "expressed potential bias." During voir dire, one juror stated she was involved in a drunk-driving accident when she was five years old that she did not remember; the drunk driver died; and the juror's dad had a "long-lasting" issue from the accident. Another juror stated that he owned a bar and that Fiori looked "familiar" and "may have been in [the juror's] establishment before." Meanwhile, Fiori told his counsel that Fiori lived in the juror's motel across the street from the bar and the juror "look[ed] at [Fiori] in a way that made him feel weird."

"A defendant in a criminal proceeding is entitled to an impartial jury." *State v. Hall*, 163 Idaho 744, 816, 419 P.3d 1042, 1114 (2018). Under Idaho law, a prospective juror may be challenged for either "actual bias," meaning "the existence of a [juror's] state of mind [that] leads to an inference that he will not act with entire impartiality" or for "an implied bias" based

8

on certain enumerated grounds.[4]  *See* I.C. §§ 19-2019 (identifying particular causes of challenge); 19-2020 (identifying grounds for challenge for implied bias).  We assess trial counsel's performance in voir dire by examining the objective reasonableness of counsel's actions at the time of voir dire.  *State v. Abdullah*, 158 Idaho 386, 525, 348 P.3d 1, 140 (2015).  In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance.  *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008).  Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test.  *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.  If the trial court would not have removed a challenged juror for cause, a petitioner cannot establish that he was prejudiced.  *See Hall*, 163 Idaho at 817, 419 P.3d at 1115 (noting if jurors could not have been successfully challenged, then defendant cannot establish prejudice and summary dismissal is appropriate).

The State argues that "a motion to excuse for cause would have been unsuccessful with respect to either juror" who Fiori claims expressed "potential bias."  We agree.  The juror who owned the bar stated he felt "unbiased" and thought he could be fair.  Likewise, the juror who was involved in the drunk-driving accident stated she thought she could be fair.  The trial court was entitled to rely on these assurances of impartiality.  *See State v. Hairston*, 133 Idaho 496, 506, 988 P.2d 1170, 1180 (1999) (noting "the court is entitled to rely on assurances from venire persons concerning partiality or bias").

We disagree with Fiori's assertion that he "was not required to establish actual juror bias to establish his [counsel's] conduct during voir dire was objectively unreasonable."  As noted above, trial counsel may challenge a juror either for "actual bias" or for "implied bias" under Idaho law.  *See* I.C. § 19-2019 (identifying particular causes of challenge).  Fiori has not identified any of the factors enumerated under the statute establishing implied bias.  *See* I.C. § 19-2020 (identifying grounds for challenge for implied bias).  Absent one of those enumerated factors, Fiori had to establish actual bias to challenge the jurors for cause.

---

[4]  A defendant may also remove a prospective juror through a peremptory challenge.  *See* Idaho Criminal Rule 24(d) (providing for peremptory challenges).  Although Fiori complains on appeal that his counsel exercised Fiori's peremptory challenges "in chambers" and did not "involve" him in the process, Fiori's argument on appeal focuses on juror bias.

Finally, Fiori's reliance on *State v. Hauser*, 143 Idaho 603, 150 P.3d 296 (Ct. App. 2006), is misplaced. In that case, this Court ruled that, once a juror admits bias, that juror's equivocal responses about serving impartially are insufficient to overcome the admitted bias. *Id.* at 609-10, 150 P.3d at 302-03. Rather, to overcome the admitted bias the juror must provide unequivocal assurance of impartiality. *Id.* at 610, 150 P.3d at 303. In contrast to *Hauser*, however, neither juror in this case admitted bias and both stated they thought they could be fair. Accordingly, the district court did not err by summarily dismissing Fiori's claim that his counsel was ineffective for failing to challenge the jurors.

### 3. Failure to move to withdraw

Fiori contends his trial counsel was ineffective for failing "to move to withdraw." In support, Fiori contends he "began the process of trying to replace his attorney" before trial, and Fiori argues his "detailed description of his trial counsel's refusal to communicate with [Fiori] and refusal to move to withdraw establish a genuine issue of material fact whether a motion to withdraw should have been granted."

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint*, 145 Idaho at 477, 180 P.3d at 516. Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

This Court in *State v. Lippert*, 152 Idaho 884, 276 P.3d 756 (Ct. App. 2012), addressed whether a trial could should grant a motion for substitute counsel. It ruled that the "mere lack of confidence in otherwise competent counsel is not necessarily grounds for substitute counsel in the absence of extraordinary circumstances." *Id.* at 887, 276 P.3d at 759. A trial court, however, may appoint a substitute attorney for an indigent defendant for good cause shown. *Id.* When a defendant requests substitute counsel, "[t]he trial court must conduct a meaningful inquiry to determine whether a defendant possesses good cause for his or her request for substitute counsel." *Id.; see also State v. Bias*, 157 Idaho 895, 897-98, 341 P.3d 1264, 1266-67 (Ct. App. 2014) (noting if trial court is aware defendant seeks substitute counsel, it has a duty to inquire). "Good cause includes an actual conflict of interest; a complete, irrevocable breakdown of

10

communication; or an irreconcilable conflict which leads to an apparently unjust verdict." *Lippert*, 152 Idaho at 887, 276 P.3d at 759.

In his brief in opposition of summary dismissal, Fiori alleged he made the trial court aware of his request for substitute counsel via an inmate request form. In support of this allegation, Fiori references by exhibit numbers attachments to his 2018 affidavit. Those exhibits, however, are not readily apparent based on Fiori's references and are, as the district court correctly concluded, unauthenticated. For these reasons, the documents Fiori references do not create a genuine issue of material fact whether good cause existed to warrant appointment of substitute counsel. *See Baldwin*, 145 Idaho at 155, 177 P.3d at 369 (ruling petitioner must provide admissible factual evidence to justify evidentiary hearing).

Moreover, as the State notes, "Fiori cite[s] no case law standing for the proposition that an appointed attorney is required to move to withdraw upon a client's expression of frustration with his representation, or desire for different counsel." Even assuming Fiori's counsel had such a duty, the record reflects that Fiori failed to identify good cause for his request for the appointment of substitute counsel. Accordingly, the district court did not err in dismissing Fiori's ineffective assistance of counsel claim based on his trial counsel's failure to withdraw from representation.

### 4. Failure to challenge the driveway's public nature

Fiori contends his counsel was ineffective "for failing to develop a defense that the driveway was [not] open to the public." Fiori asserts his counsel should have "develop[ed] a defense" that the driveway was private property not open to the public contrary to I.C. § 18-8004, which prohibits "driv[ing] or be[ing] in actual physical control of a motor vehicle" "upon a highway, street or bridge, or upon public or private property open to the public."

The record, however, clearly disproves Fiori's allegation that his counsel failed to defend on this basis. For example, during trial, Fiori's counsel asked the eyewitness whether the road was for "private housing" to which the eyewitness responded, "It's all private property." Then, during closing argument, Fiori's counsel specifically argued the State failed to prove the vehicle was driven on a public road, stating that "when [the vehicle] was driven, where was it being driven from and to? . . . Sounds like it was a private driveway in this case. It wasn't a road, is what's required of the statute." Because the record clearly disproves Fiori's allegation that his counsel did not argue the driveway was private property and not subject to I.C. § 18-8004, the

11

district court did not err in dismissing Fiori's ineffective assistance of counsel claim based on Fiori's trial counsel's alleged failure to challenge the driveway's public nature. *See Kelly*, 149 Idaho at 521, 236 P.3d at 1281 (ruling court may summarily dismiss claims if record of underlying criminal proceedings clearly disproves allegations).

### 5. Failure to advise Fiori regarding his right to testify

Fiori contends his trial counsel was ineffective for "fail[ing] to fully advise [Fiori] of, and prepare him to, testify on his own behalf at trial." Specifically, Fiori argues his counsel's failure to call Fiori as a witness "deprived [the jury] of testimony impeaching the [eyewitness] and establishing [Fiori's] innocence." In response, the State argues the record establishes "trial counsel advised Fiori of his absolute right to testify in his own defense." We agree with the State.

A defendant in a criminal proceeding has the right to testify on his own behalf and has the ultimate authority to decide whether to testify. *State v. Hoffman*, 116 Idaho 689, 690, 778 P.2d 811, 812 (Ct. App. 1989). Counsel may advise the defendant regarding the wisdom and propriety of testifying but must abide by the defendant's eventual decision about testifying. *Id.* Unless the defendant is aware of both his right to testify and his ultimate authority to decide whether to testify, regardless of counsel's advice, the defendant cannot waive his right. *Rossignol v. State*, 152 Idaho 700, 706, 274 P.3d 1, 7 (Ct. App. 2012).

In Fiori's brief in opposition to the State's summary dismissal motion, Fiori expressly acknowledged that his "trial counsel advised [Fiori] that trial counsel cannot stop [Fiori] from testifying." Further, in Fiori's declaration, he attested that:

> At the end of the state's case, a recess was taken wherein [counsel] explained that *I could testify* but he would advise against it because the prosecutor would destroy me through cross-examination. [Counsel] told me that *he could not prevent me from testifying* but he did not tell me that I was the person that had the ultimate authority to make this determination.

(emphasis added). That Fiori's counsel told him that counsel "could not prevent [Fiori] from testifying" was adequate, however, to inform him that the choice to testify was his ultimate choice and not his counsel's. That Fiori's counsel did not expressly state Fiori had "the ultimate authority" to choose to testify is not a basis to conclude that his counsel failed to advise Fiori of his right to testify. Accordingly, the district court did not err by summarily dismissing Fiori's claim that his counsel was ineffective for failing to advise Fiori of his right to testify.

12

**6.      Failure to argue prejudice**

Most of Fiori's arguments on appeal assert his counsel's performance was deficient and focus on the first prong of *Strickland*. *See* 466 U.S. at 687-88 (identifying deficient performance as first prong). Only with regard to one claim does Fiori specifically argue that his counsel's allegedly deficient performance prejudiced Fiori. *See id.* (identifying prejudice as second prong). Fiori makes this argument in support of his claim that his counsel was ineffective for failing to investigate and challenge the State's eyewitness. In that argument, Fiori outlines the eyewitness's testimony and asserts this testimony establishes "serious questions regarding [the eyewitness's] credibility," which if challenged would have resulted in a different outcome. Other than this argument, however, Fiori makes no substantive argument regarding prejudice with respect to any of his other claims, except to "incorporate by reference" his prejudice argument in support of his claim that his counsel allegedly failed to advise Fiori fully of his right to testify. To the extent Fiori fails to argue that his counsel's other alleged deficiencies prejudiced Fiori, those other claims fail for that reason also.

## IV.

## CONCLUSION

Fiori fails to establish that the district court erred by ruling the documents attached to his 2018 affidavit, his declaration, and his brief in opposition to the State's summary dismissal motion were unauthenticated and inadmissible and by summarily dismissing his claims. Accordingly, we affirm the district court's judgment summarily dismissing Fiori's petition for post-conviction relief.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

13